# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PAUL JANOSSY,<br><br>          Plaintiff,<br><br>    v.<br><br>SUSAN L. FORMAKER, et al.,<br><br>          Defendants. | Case No. SACV 09-1441 DMG (MLGx)<br><br>**ORDER TO SHOW CAUSE AS TO WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION** |

On December 11, 2009, Plaintiff filed a complaint in this Court, and on January 8, 2010, Plaintiff filed an amendment to the complaint. Plaintiff alleges subject matter jurisdiction on the basis of federal question and diversity of citizenship.

In his third cause of action, Plaintiff alleges that his constitutional rights were violated under 42 U.S.C. § 1983. While it is not entirely clear from the face of the complaint whether Plaintiff alleges this cause of action against Defendant Susan Formaker or Defendant, Hon. Richard Adler, Judge of the Superior Court of California, County of Los Angeles, Plaintiff's section 1983 claim appears to fail either way.

On March 11, 2010, this Court issued an order ("March 11, 2010 Order") granting the motion to dismiss Plaintiff's complaint as to Judge Adler on the ground that it is barred by the doctrine of judicial immunity. Section 1983 claims can only be brought against government actors. *See Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984) (noting that "42 U.S.C. §1983 confers a private federal right of action for damages and injunctive relief against state actors who deprive any citizen or person within the jurisdiction of the United States of 'rights, privileges, or immunities secured by the Constitution and laws.'"). Defendant Formaker is not alleged to be a state actor. Thus, Plaintiff's section 1983 claim fails as to defendant Formaker and Plaintiff's complaint no longer presents a federal question to be addressed by this Court.

Furthermore, in the amendment to the complaint, Plaintiff names Defendant Formaker and Does 1-6 in the caption. The Court understands Does 1-6 to be the six employers that Plaintiff alleges are vicariously liable for acts committed by the individual defendants who were named in the complaint. (Am. Compl. at 7.) With the exception of J.P. Morgan Chase Bank, N.A., however, all defendants are alleged to be California citizens. (*Id.*) Plaintiff alleges that he also is a citizen of the State of California. (Compl. at 1.) Accordingly, Plaintiff has failed to allege complete diversity of citizenship. "28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *see also Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004) ("Diversity jurisdiction under § 1332 requires complete diversity of citizenship, each of the plaintiffs must be a citizen of a different state than each of the defendants.").

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Therefore, the Court hereby issues an order to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction.

//
//

In light of the foregoing:

1. Plaintiff is hereby ordered to show cause why the matter should not be dismissed without prejudice for lack of subject matter jurisdiction;

2. Plaintiff may file his brief by no later than April 9, 2010; and

3. Defendant may file a response within one week after Plaintiff files his brief.

IT IS SO ORDERED.

DATED:  March 12, 2010

*[signature]*
DOLLY M. GEE
United States District Judge